# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 14, 2007          Decided June 12, 2007

No. 05-3214

UNITED STATES OF AMERICA,
APPELLEE

v.

ROGER S. LATHERN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 05cr00031-01)

*Mary E. Davis*, appointed by the court, argued the cause and filed the briefs for appellant.

*Michael T. Ambrosino*, Assistant U.S. Attorney, argued the cause for appellee.  With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *Roy W. McLeese, III* and *Elizabeth Trosman*, Assistant U.S. Attorneys.

Before: SENTELLE, ROGERS and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  Roger Lathern appeals his conviction as a felon in possession of a firearm on the ground that the District Court improperly excluded testimony at trial. We affirm.

I

Well after midnight on a chilly Washington, D.C., evening in December 2004, Wendy Hardy and Linda Green were chatting in the front seat of Hardy's car when they noticed a silver car ahead of them on the street.  Moments later, the silver car drove down the street and made a U-turn, so that it was facing in the direction of Hardy's car.  The silver car parked next to an alley; the alley was between Hardy's car and the silver car.  As Hardy and Green watched, two men exited the silver car toting firearms, plainly visible in the glow of a nearby streetlight.  The men went into the alley, where they disappeared from sight.  Hardy, a civilian employee of the local police department, called 911, and two minutes later a police officer arrived.  As the officer and Hardy were speaking, a single gunshot was heard in the alley.  Hardy called 911 a second time and requested additional police officers, who promptly came to the scene.  The officers established a perimeter around the alley and quickly apprehended Roger Lathern and Rahmaan Ward, who were both unarmed.

The police conducted a show-up of Lathern and Ward, and Hardy positively identified both men.  Hardy recognized Lathern based on his face and his distinctive single-striped shirt. The officers also canvassed the area.  They discovered a 9-millimeter pistol and a shotgun, which had one expended shell casing.  Neither Lathern nor Ward was wearing a coat when apprehended.  The officers searched the silver car, where they found two winter coats.

Lathern was indicted in the U.S. District Court for the District of Columbia for unlawful possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). During his jury trial, Hardy, Green, and a police officer who was at the scene testified that the silver car had been parked near the alley or at the "mouth of the alley." Hardy also testified that she had watched Lathern for between 45 seconds and a minute as he walked from the car into the alley, and therefore was able to get a good look at him.

The defense's only witness was an investigator, Edward Hainsworth, who apparently was to testify as an expert. Hainsworth evidently had driven at some point to the scene of the crime, parked near the alley, and estimated how long it would take someone to walk to the alley from where the car was parked. The obvious purpose of his testimony was to dispute Hardy's contention that she had observed the men for 45 seconds to a minute. Upon learning what Hainsworth intended to say, however, the District Court excluded his testimony. The court explained that without a witness showing Hainsworth precisely where the silver car had been parked, Hainsworth could not accurately assess how long it would take a person to progress from the car to the alley. As the District Court put it, "When [the witnesses] say it's at the mouth of the alley, it could be two feet from the alley. It could be five feet from the alley. It could be one foot. We don't know that. . . . [Y]ou are suggesting to the jury that. . . the distance is 'X,' and in order for us to know that that is an exact distance, we have got to know that the car that he parked out there was at that exact location." Tr. of Aug. 22, 2005, Hr'g at 77, 79. The court further explained: "[W]e don't know [Hainsworth] parked at the same location. And if you are not suggesting that, then it's not relevant. The only thing that's relevant is how far the distance was from the exact location where the car was parked that night.

If somebody went out there and showed him exactly, then he could say that. Absent that, he is speculating." *Id.* at 77-78.

The jury convicted Lathern, and the District Court sentenced him to 97 months in prison along with three years of supervised release. He filed a timely appeal in this Court.

II

Lathern challenges the District Court's exclusion of Hainsworth's testimony; he argues that the exclusion violated his Fifth Amendment right to due process and Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor."

1. Before turning to the merits of Lathern's argument, we address Lathern's characterization of his challenge as a constitutional question (which in turn affects how harmless error analysis is conducted, *compare Chapman v. California*, 386 U.S. 18, 24 (1967), *with Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Lathern relies on cases such as *Washington v. Texas*, 388 U.S. 14 (1967), which held that an evidentiary rule could be so burdensome on a defendant's right to present a defense as to violate the Constitution. *See id.* at 22-23. We conclude, however, that Lathern has not presented a constitutional challenge. The Supreme Court has clearly instructed that "rules excluding evidence from criminal trials . . . do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). To be sure, a case could conceivably arise in which a district court's application of a rule of evidence is so erroneous and unfair as to constitute a constitutional violation. But as the Second Circuit recently cautioned, such cases are rare. *See*

*Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001). Only when the error deprives a defendant of a fair trial does it amount to a constitutional violation. *See Chambers v. Mississippi*, 410 U.S. 284, 302-03 (1973); *see also United States v. Whitmore*, 359 F.3d 609, 615-16 (D.C. Cir. 2004) ("The district court . . . has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence . . . ."). The error Lathern alleges in this case does not rise to the level of a constitutional violation. Lathern had a sufficient opportunity to present his defense and cross-examine the key prosecution witness. The District Court stated, moreover, that it would permit Lathern to present testimony from an alternative witness with first-hand knowledge regarding the distance between the silver car and the alley.

2. We therefore evaluate the District Court's exclusion of Hainsworth's testimony under the typical abuse of discretion standard for evidentiary rulings. *See Whitmore*, 359 F.3d at 616. We conclude that the District Court acted well within its discretion in excluding Hainsworth's testimony.

Hainsworth apparently intended to cast doubt on Hardy's identification of Lathern by testifying how close the car was to the alley, and then estimating the time it would take to walk into the alley. But as the District Court pointed out, Hainsworth did not know the actual distance of the car from the alley. Therefore, the District Court certainly did not abuse its discretion in excluding Hainsworth's testimony. *Cf. United States v. Akers*, 702 F.2d 1145, 1149 (D.C. Cir. 1983) (upholding district court's exclusion of photographic evidence when the photographs did not accurately capture the view of the witnesses at the time).

Even assuming the District Court erred in excluding Hainsworth's testimony, however, the error would be harmless.

*See* Fed. R. Evid. 103(a); *Kotteakos*, 328 U.S. at 776 (statutory harmless error review standard: "substantial and injurious effect or influence in determining the jury's verdict"); *United States v. Coumaris*, 399 F.3d 343, 349 (D.C. Cir. 2005); *In re Sealed Case*, 352 F.3d 409, 411-12 (D.C. Cir. 2003); *United States v. Washington*, 106 F.3d 983, 1000 (D.C. Cir. 1997).  To begin with, numerous witnesses testified about the approximate distance between the car and the alley.  And defense counsel emphasized that evidence at closing argument to try to cast doubt on whether Hardy really could have gotten a good look at Lathern or seen him for 45 seconds to a minute, as Hardy had testified.  Hainsworth's uninformed estimate of the distance between the car and the mouth of the alley would have added little to nothing to the evidentiary mix.  In addition, the prosecutor was prepared with significant impeachment material against Hainsworth – his recent criminal conviction for forgery.  And, of course, there was persuasive inculpatory evidence aside from Hardy's identification, such as the fact that the police immediately established a perimeter around the area, Lathern and Ward were the two men they promptly apprehended, Green (the woman with Hardy) also testified that the two men exiting the silver car were carrying guns, two coats were found inside the silver car from which the gunmen exited, and Lathern and Ward were not wearing coats in 35-degree weather.  In short, there was overwhelming evidence that Lathern possessed a gun that night and ditched it before being apprehended by the police.  Any error in excluding Hainsworth's testimony was harmless.

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*